The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
 ***********
Accordingly, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. The plaintiff sustained an injury by accident on December 18, 1995. While Hendrick Management Corporation admits plaintiff sustained an injury by accident, it denies that the injury by accident arose out of and in the course of employment with Hendrick Management Corporation.
2. The plaintiff's average weekly wage was $400.00.
3. The issues for determination are:
 a. Whether the plaintiff was employed with the defendant-Hendrick Management Corporation or defendant-Rick Hendrick, III, on the date of the plaintiff's injury by accident.
 b. If the employment relationship existed between the plaintiff and the defendant-Rick Hendrick, III, whether the defendant-Hendrick was subject to the provisions of the North Carolina Workers' Compensation Act and whether he was required to maintain workers' compensation coverage on December 18, 1995.
 c. If the Industrial Commission has jurisdiction over this claim, to what benefits may the plaintiff be entitled as a result of the injury by accident.
4. The parties stipulated ninety-seven pages of medical reports into the record. In addition, the parties submitted documents into the record, marked as Stipulated Exhibit 1, consisting of 206 pages into evidence.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a fifty-one year old married female who was the mother of a twenty-one year old son. The plaintiff had completed four years of university training in Athens, Greece, following which she was employed as a teacher. After her family relocated to California, the plaintiff did payroll and corporate secretarial work for her husband's development company. Following the failure of the business, the family moved to North Carolina on April 15, 1995.
2. In June of 1995, the plaintiff saw an advertisement for a housekeeper in the Charlotte Observer. The plaintiff telephoned the number listed in the ad, where she spoke to Susan Koontz, the executive assistant to Rick Hendrick, III, at Hendrick Management Corporation. Ms. Koontz advised that the job was with one of the company's executives as a housekeeper.
3. The plaintiff was thereafter interviewed at Ms. Koontz's office by Ms. Koontz and Linda Hendrick, for whom the housekeeper was being sought. Following the interview, several weeks later, the plaintiff was hired by Mrs. Hendrick to be the housekeeper for Mr. and Mrs. Hendrick at their home at 3422 Sharon Road in Charlotte, North Carolina.
4. Mr. and Mrs. Hendrick did not purchase workers' compensation insurance for their domestic servants, of which the plaintiff was one.
5. The plaintiff began working for the Hendricks at their home on Sharon Road on July 24, 1995. In addition, the plaintiff performed housekeeping duties at their home at Lake Norman. At the time the plaintiff was hired, the Hendricks employed a Mrs. McFadden as the housekeeper; however, Mrs. McFadden departed shortly after the plaintiff was hired. The Hendricks also had periodic yard work performed by Scott Little. At the time of plaintiff's injury on December 18, 1995, Rick and Linda Hendrick employed fewer than three employees at their personal residence.
6. The plaintiff was not hired by nor did she perform work for Hendrick Management Corporation. She was never told that she was being hired to work for Hendrick Management Corporation, but rather was specifically told that she was being hired by the Hendricks to work for them at their personal residences.
7. The plaintiff was paid on checks from the J. R. Hendrick, III Special Account, which was wholly funded by Mr. Hendrick's personal funds.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. At the time of plaintiff's injury by accident, the employment relationship existed between the plaintiff and the defendant-Rick Hendrick, III, and did not exist between the plaintiff and the defendant-Hendrick Management Corporation. N.C. GEN. STAT. § 97-2.
2. The Workers' Compensation Act does not apply to any employer who regularly employs less than three employees, nor to domestic servants. N.C. GEN. STAT. §§ 97-2(1); -13(b).
3. Because the defendant-employer is not subject to or bound by the provisions of the North Carolina Workers' Compensation Act, the plaintiff is not entitled to any compensation under the Act for her injury by accident on December 18, 1995. N.C. GEN. STAT. §§ 97-2(1); -13(b).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
This the ___ day of January, 1998.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
S/_____________ RENEE C. RIGGSBEE COMMISSIONER